H. M. RICHARDS v. REUBEN COLEMAN.

158 So. 433.
Division A.
Opinion Filed January 4, 1935.

*Petersen, Carver & Langston,* for Plaintiff in Error.
*McKillop & Hamilton,* for Defendant in Error.

ELLIS, J.—Reuben Coleman sued H. M. Richards upon a bond executed by the latter as surety in the sum of two thousand dollars. The bond was given to obtain a supersedeas on a writ of error to a judgment obtained by Coleman against Kenneth Smith as Trustee of Weaver's Lakeland Steam Laundry, and conditioned upon the affirmance of the judgment. Four hundred dollars were collected upon the judgment. The declaration declared that a balance of $1654.32 was due on the obligation.

The pleas on which issue was joined were first, that the defendant before the action was brought discharged and satisfied the plaintiff's claim by payment; second, that after the alleged claim accrued and before the action was brought the plaintiff by deed released the defendant.

When the parties completed the submission of the evidence the court instructed a verdict for the plaintiff. The verdict was for the sum of eighteen hundred and eighty-nine dollars and eighty-nine cents, upon which judgment was duly entered by the court. To that judgment a writ of error was taken by the defendant.

There is not in all the evidence, both for the plaintiff and the defendant, a scintilla of proof in support of either plea.

A discussion of the testimony of the witnesses and the effect of such documentary evidence as was submitted would not be of the slightest benefit to either party or to the bar.

The substance of what was sought to be established consisted of an assertion by one witness on behalf of the defendant that when the four hundred dollars were paid, which was the purchase price of two motor trucks sold under the judgment obtained in the former action, the witness received a paper writing from an attorney for Coleman that

the latter would accept the witness' promise to pay the balance of the judgment; that the witness agreed to obligate himself to pay the debt because he felt that he should save the defendant, Dr. Richards, harmless on the supersedeas bond.

The trial court could make nothing of the defense, and our examination of the record fully confirms the learned judge's opinion of it.

The briefs discuss many questions but the record presents none of them.

The judgment is affirmed.

DAVIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN, and BUFORD, J. J., concur in the opinion and judgment.